George C. Salmas (SBN 62616)
gsalmas@salmas-law.com
Michael R. Hambly (SBN 119834)
mhambly@salmas-law.com
SALMAS LAW GROUP
1880 Century Park East, Suite 611
Los Angeles, California 90067
Telephone: (310) 556-0721
Facsimile: (310) 788-8923

Attorneys for Plaintiff
HONG CHANG CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HONG CHANG CORPORATION, a California corporation,<br><br>　　Plaintiff,<br><br>　　v.<br><br>DONGWON MULSAN CO., LTD., a South Korean limited company,<br><br>　　Defendant. | **Case Number**<br><br>**2:14-cv-04632-PSG-RZ**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HONG CHANG CORPORATION'S MOTION FOR THE COURT TO ENTER A DEFAULT JUDGMENT AGAINST DONGWON MULSAN CO., LTD.**<br><br>**Date: March 14, 2016**<br>**Time: 1:30 p.m.**<br>**Courtroom: 880**<br>**Hon. Philip S. Gutierrez** |

## I. INTRODUCTION

Defendant Dongwon Mulsan Co., Ltd. ("Dongwon") was properly served with the Summons and Complaint in this action in South Korea in June 2015, pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents. But, despite a courtesy warning letter faxed by counsel for Plaintiff Hong Chang Corporation ("Hong Chang"), Dongwon has not appeared, filed an Answer, or defended the case in any way.

On November 12, 2015, the Clerk formally entered Default against Dongwon (Docket # 22).

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Hong Chang now moves the Court for entry of a default judgment against Dongwon in the amount of $458,908.26 (consisting of $356,105.18 in contract damages plus $102,803.08 of prejudgment interest). A Declaration of Li "Emily" Ma ("Emily Ma Decl."), Hong Chang's Office Manager, and a Declaration of attorney George C. Salmas ("Salmas Decl.") are being submitted in support.

**II. THE NATURE OF THE CASE**

"Ordinarily, the default establishes the defendant's liability." A.W. Tashima & J. Wagstaffe, <u>California Practice Guide: Federal Civil Procedure Before Trial</u> ¶¶ 6:92, 6:92.1 (Rutter Group 2016) ("<u>Rutter Group</u>") ("plaintiff need only prove that the 'compensation sought relates to the damages that naturally flow from the injuries pleaded'"). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir. 1977).

Hong Chang is based in Santa Fe Springs, California in Los Angeles County. It imports and distributes frozen food products including seafood In 2011, Hong Chang developed a business relationship with Dongwon, which is based in South Korea. Hong Chang started importing food products from Dongwon, which Hong Chang would then sell to Hong Chang's own customers. Sometimes Hong Chang dealt directly with Dongwon and sometimes it dealt with Dongwon's authorized agent Marisol, Inc. Complaint at ¶¶ 4, 5, 8; Emily Ma Decl. at ¶¶ 1, 2.

This case involves three invoices (two from Dongwon and one from its agent Marisol, Inc.) for Dongwon frozen oysters that were shipped from South Korea to Hong Chang in California under the parties' contract arrangements. The

numbers, dates, and sales prices of the three invoices are: (1) DW11-101, October 14, 2011, $123,420; (2) DW11-102, November 14, 2011, $145,152; and (3) MS12/301, February 22, 2012, $130,000 (reduced to $127,500). Those invoices were fully paid by Hong Chang. Complaint at ¶¶ 9-11; Emily Ma Decl. at ¶ 3 and Exhibit 1.

Around May 1, 2012, the U.S. FDA removed all Korean certified shippers of oysters from the Interstate Certified Shellfish Shippers List, requiring that all Korean oysters imported before that date be withdrawn from commerce due to potential norovirus contamination. Such oysters were deemed by the FDA to be "adulterated." Complaint at ¶ 12; Emily Ma Decl. at ¶ 4; Salmas Decl. at ¶ 13.

The oysters Hong Chang received from Dongwon under the three invoices were within the scope of the FDA's action. Hong Chang complied with the FDA's instructions, withdrawing from commerce and destroying all frozen oysters not yet consumed that Hong Chang could identify and locate. Hong Chang gave Dongwon prompt notice of the FDA action and Hong Chang's compliance with it. Hong Chang and Dongwon are merchants under the California Commercial Code and Hong Chang contended that Dongwon had breached the implied warranty of merchantability codified in Commercial Code Section 2314 ("Goods to be merchantable must be at least such as … [a]re fit for the ordinary purposes for which such goods are used"). Hong Chang sought compensation but Dongwon refused to make payment. Thus, this lawsuit was filed. Complaint at ¶¶ 7, 13-15; Emily Ma Decl. at ¶¶ 4-6; Salmas Decl. at ¶ 16.

### III. PROCEDURAL REQUIREMENTS FOR A DEFAULT JUDGMENT HAVE BEEN MET.

Plaintiff Hong Chang efiled the Complaint for Breach of Contract/Breach of Implied Warranty of Merchantability (Docket # 1) in this action on June 16, 2014.

Because Defendant Dongwon is a company based in South Korea, service of process had to be carried out in accordance with the Hague Service Convention.

In light of that, Judge Philip Gutierrez granted several extensions of time to effectuate service. Salmas Decl. at ¶ 3.

Hong Chang's counsel received confirmation that Dongwon was properly served with a Summons and Complaint in South Korea under the auspices of South Korean authorities on June 8, 2015, pursuant to the Hague Service Convention. Salmas Decl. at ¶¶ 4, 5.

On September 27, 2015, Hong Chang efiled its Proof of Service of Process on Defendant Dongwon Mulsan Co., Ltd. in South Korea Pursuant to the Hague Service Convention (Docket # 18).

As noted in the Proof of Service document, Hong Chang's counsel had notified Dongwon (and an attorney for Dongwon) by faxed letters (for which they received delivery confirmations) in both English (on August 31, 2015) and Korean (on September 4, 2015) of the service and the need to respond, letting Dongwon know that a default would be taken after September 21 if there were still no response. Salmas Decl. at ¶ 7.

On November 3, 2015, Hong Chang filed a Request to the Clerk to enter Dongwon's default (Docket # 19), pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On November 12, 2015, Judge Philip Gutierrez issued an Order authorizing entry of default (Docket # 21) and the Clerk formally entered Default against Dongwon (Docket # 22) on that same day.

Before efiling this motion for a default judgment, on January 13, 2016, Hong Chang's counsel faxed to Dongwon (and a Dongwon lawyer) a letter (in both English and Korean versions) providing notice that on March 14, 2016 there would be a hearing at 1:30 pm before Judge Gutierrez in Courtroom 880 on a motion by Hong Chang for entry of a default judgment in the amount of $458,908.26. Salmas Decl. Exhibit A. Hong Chang thus complied with the notice "of the amount requested" provision in Local Rule 55-2, even though Dongwon

4 | MEMORANDUM SUPPORTING MOTION FOR DEFAULT JUDGMENT

has never appeared in the case and thus notice was not required under Rule 55(b)(2) of the Federal Rules of Civil Procedure. (Even a Rule 55(b)(2) notice need not be in any particular form and the "main consideration is that the defaulting party realize a default judgment is being sought and the amount requested." Rutter Group at ¶ 6:86.)

In light of Local Rule 55-1, Hong Chang notes that Dongwon is a company and thus is not a minor, an incompetent person, or a member of a branch of the U.S. military (as to whom the Servicemembers Civil Relief Act might apply). Salmas Decl. at ¶ 11.

**IV. A DEFAULT JUDGMENT IS REQUESTED IN THE AMOUNT OF $458,908.26.**

The total amount sought in the proposed default judgment is $458,908.26. There are four components. First, according to Hong Chang's records, $277,746.87 is the invoiced cost of the unmerchantable oysters that had to be removed from commerce and be destroyed. Emily Ma Decl. at ¶¶ 5, 7. That is reflected in a chart Emily Ma prepared in August 2013 and which is attached to her Declaration as Exhibit 2. Second, Emily Ma also determined (as reflected on the chart) that $8,921.59 in disposal fees were charged by third parties. Emily Ma Decl. at ¶¶ 5, 7 and Exhibit 2.

The third item sought is $69,436.72 for Hong Chang's lost profits, based on Hong Chang's standard markup of 25% on oysters when it sells them. Applying that 25% markup to the $277,746.87 invoiced cost of the destroyed oysters results in $69,436.72 that Hong Chang is seeking for lost profits. Emily Ma Decl. at ¶ 8.

The fourth item is $102,803.08 for prejudgment interest under Civil Code Section 3287(a). That was calculated at 10% simple annual interest on the $277,746.87 figure (for the invoiced cost of the unmerchantable, destroyed oysters) from the period of May 1, 2012 through January 11, 2016 (3 years and 256 days). That interest accrues at $27,774.68 per year and $76.09 a day. (Hong

1  Chang does not seek interest on the disposal fees or lost profits.)  Emily Ma Decl.
2  at ¶ 9; Salmas Decl. at ¶ 18.[1]
3      Hong Chang will provide further support for the amount of the default
4  judgment it seeks if the Court so requests in advance of the hearing.

6  Dated: January 13, 2016                    Respectfully submitted,

8                                             George C. Salmas
                                               Michael R. Hambly
9                                              SALMAS LAW GROUP

11                                             By: /s/: *Michael R. Hambly*
                                                    Michael R. Hambly

13                                             Attorneys for Plaintiff
                                               HONG CHANG CORPORATION

---

[1] If the Court were for any reason to determine that Civil Code Section 3287(a)'s mandatory award of prejudgment interest on contract damages "capable of being made certain by calculation, and the right to recover which is vested in the person upon a particular day" does not apply here, Hong Chang requests the Court to exercise its discretion under Section 3287(b) to award prejudgment interest running from the day the Complaint was filed, June 16, 2014, through January 11, 2016.  That is a period of one year and 209 days and results in an amount of prejudgment interest of $43,677.49.  In such circumstances, the total amount of the default judgment would be $399,782.67.

|  | 6 | MEMORANDUM SUPPORTING MOTION FOR DEFAULT JUDGMENT |
|---|---|---|